(No. 11488.—Judgment affirmed.)

THE PEOPLE *ex rel.* Joel C. Beachey *et al.* Appellants, *vs.* O. L. HOWELL, *et al.* Appellees.

*Opinion filed October 23, 1917.*

This case is controlled by the decisions in *People* v. *Madison,* (*ante,* p. 96,) *People* v. *Fifer,* (*post,* p. 506,) and *People* v. *Stitt,* (*post,* p. 553.)

APPEAL from the Circuit Court of Moultrie county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

C. R. PATTERSON, State's Attorney, JENNINGS & ELDER, WHITLEY & FITZGERALD, and E. J. MILLER, for appellants.

J. L. McLaughlin, Frank J. Thompson, Marion Watson, Edward C. Craig, and Donald B. Craig, for appellees.

Mr. Justice Cooke delivered the opinion of the court:

The circuit court of Moultrie county refused leave to file an information in the nature of *quo warranto* against O. L. Howell and six others, defendants, charging them with holding and exercising, without title and right, the offices of president and members of the board of education of an alleged township high school district known as Township High School District No. 155, and seeking to require them to show by what warrant they claimed to hold and exercise such offices. From that order this appeal has been prosecuted by the relators.

During the pendency of the appeal an act of the legislature to legalize the organization of certain high school districts and to abate all pending actions attacking the organization of districts coming under the provisions of the act was passed and approved on June 14, 1917, with an emergency clause. Thereafter the respondents filed a motion in this court that the action be abated. By leave of court the parties were permitted to present arguments in support of and in opposition to this motion. The relators have attacked the validity of this curative act. The act has already received the consideration of the court in *People* v. *Madison,* (*ante,* p. 96,) *People* v. *Fifer,* (*post,* p. 506,) and *People* v. *Stitt,* (*post,* p. 553,) where its validity was upheld.

Under the facts shown the circuit court erred in denying leave to file the information as the law then existed. Under the application of the curative act the judgment is proper, and it is therefore affirmed.  *Judgment affirmed.*